FILED'09 NOV 23 12:03 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON M. TOUCH,

    Petitioner,

v.

DON MILLS,

    Respondent.

Civil No. 07-1893-ST

ORDER

HAGGERTY, District Judge:

Magistrate Judge Stewart issued a Findings and Recommendation [37] recommending that the Petition for Writ of Habeas Corpus [2] be denied. Objections to portions of the Findings and Recommendation were filed by plaintiff. The matter was then referred to this court for review.

When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed objections in a timely manner. The court has given the file of this case a *de novo* review, carefully reviewing the Findings and Recommendation, plaintiff's objections, and the Record of the case.

1 -- ORDER

## **BACKGROUND**

Magistrate Judge Stewart provided a thorough analysis of the circumstances presented. The factual background need be only summarized here. Petitioner was prosecuted for his involvement in a number of armed robberies in the metropolitan Portland area. As a result, petitioner was charged with twenty-two crimes by two indictments that were consolidated for trial.

He was charged with nine counts of Robbery in the First Degree with a Firearm, one count of Assault in the Second Degree with a Firearm, and twelve counts of Kidnapping in the Second Degree. These crimes were subject to mandatory minimum sentences pursuant to Oregon statute (O.R.S. 137.700; referred to as "Measure 11 sentences").

At the second day of trial, counsel for petitioner informed the court that petitioner would like to change his pleas pursuant to a contract plea after having an opportunity to inquire about the maximum sentencing exposure he faced if convicted at trial, and how consecutive sentencing might apply in his case. The court and the parties addressed the charges individually and concluded that petitioner faced 143 years of Measure 11 time without the possibility of parole if convicted on all counts. The court advised petitioner that the sentences could be run consecutively, and refused to disclose which sentences might run consecutively if petitioner were convicted.

Petitioner pled guilty to Attempted Robbery in the First Degree with a Firearm and two counts of Robbery in the First Degree and, as required by the contract plea, the trial court sentenced petitioner to consecutive sentences totaling 250 months in prison. The remaining charges were dismissed. Findings and Recommendation at 5 (citations omitted).

Petitioner's direct appeal was denied when the Oregon Court of Appeals granted the State's Motion for Summary Affirmance. Petitioner's request for post-conviction relief (PCR) in Umatilla County was denied. The Oregon Court of Appeals summarily affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court denied review. *Touch v. Schiedler*, 199 Or. App. 416, 112 P.3d 1203 (2003), *rev. denied*, 162 P.3d 988 (Or. 2007).

Petitioner then filed this federal habeas corpus case, alleging that his trial counsel was constitutionally ineffective because he coerced petitioner into pleading guilty.

## ANALYSIS

The Findings and Recommendation concluded "that defense counsel earnestly tested the prosecution's case and its witnesses, but the evidence against petitioner was so great that any defense he could have been presented would realistically [not] have been as beneficial to petitioner as his contract plea." Findings and Recommendation at 17.

The Magistrate Judge reviewed the facts that petitioner's crimes "included four separate incidents including many different victims which allowed the imposition of multiple consecutive Measure 11 sentences pursuant to ORS 137.123," and concluded that "counsel's performance did not fall below an objective standard of reasonableness when he advised petitioner to enter a guilty plea on the basis that he would be unable to present a viable defense." *Id.*

Petitioner "objects to the factual findings made by the [M]agistrate [J]udge" and "objects to the recommendation that his petition be denied and the case be dismissed with prejudice." Objections at 1.

After a *de novo* review of the case, this court concludes that the Findings and Recommendation's factual findings were proper. The recommendation to deny the petition is adopted.

3 -- ORDER

## CONCLUSION

The Findings and Recommendation [37] is ADOPTED. The Petition for Writ of Habeas Corpus [2] is denied. Objections to the Findings and Recommendation [39] are overruled. The petition advanced by Jason M. Touch is dismissed. This dismissal is ordered with prejudice.

IT IS SO ORDERED.

Dated this 23 day of November, 2009.

                                          Ancer L. Haggerty
                                          United States District Judge